IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHIMEKA RANDLE                                                                                          PLAINTIFF

v.                                        Civil No. 4:11-cv-04112

TEXARKANA ARKANSAS
HOUSING AUTHORITY                                                                                DEFENDANT

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is Defendant's Motion to Dismiss. ECF No. 7. Defendant filed this Motion on January 17, 2012. *Id.* Plaintiff responded on February 23, 2012 and objects to Defendant's Motion. ECF No. 12. This Court held a hearing on this Motion on February 23, 2012. The Honorable U.S. District Judge Susan O. Hickey referred this Motion to the undersigned on January 24, 2012 pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009). ECF No. 9. Pursuant to that referral, this Court recommends Defendant's Motion be **GRANTED** and Plaintiff's case be **DISMISSED.**

**1.    Background**

On November 17, 2011, Plaintiff filed her Complaint in this case against Defendant, Texarkana Arkansas Housing Authority. ECF No. 1. According to her Complaint, Plaintiff is suing Defendant because one of Defendant's employees had "humiliated" her. *Id.* Specifically, Plaintiff claims this employee "humiliated" her in front of her neighbors by stating she "submitted a fake money order." *Id.* Plaintiff's case has been brought pursuant to 42 U.S.C. § 1983. *Id.* Plaintiff filed this action *pro se.*

At the hearing in this matter, Plaintiff reiterated that she was suing because of this

humiliation. Further, Plaintiff claimed she was also suing because she was denied a hearing to discuss the humiliation with Defendant. Plaintiff claims this denial of a hearing deprived her of due process.

**2.    Applicable Law**

An action may be brought under 42 U.S.C. § 1983 for "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." In this case, Plaintiff claims her rights under the Fourteenth Amendment were violated. ECF No. 1. Thus, to bring a cognizable claim under this statute, Plaintiff must have been deprived of a right protected by the Fourteenth Amendment. *See, e.g., Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 569 (1972) (finding an untentured professor had no protected interest in his job).

**3.    Discussion**

As an initial matter, Plaintiff is proceeding *pro se* in this action, and her pleadings should be thoroughly analyzed and liberally construed before her case can be dismissed. *See Miner v. Brackney,* 719 F.2d 954, 955 (8th Cir. 1983). Indeed, "Pro se pleadings are held to a less stringent standard and should not be dismissed unless there is proof 'beyond doubt' that the claimant is without merit." *Id.* To ensure Plaintiff's rights have been protected and that Plaintiff had full opportunity to explain what her claims were, this Court held a hearing on this Motion and has carefully evaluated the Plaintiff's claims in this case.

In the present action, Plaintiff claims her protected right is her reputation. This is the only protected right she alleges. The Eighth Circuit has, however, directly addressed the issue of whether damage to reputation is a protected right actionable under § 1983. Notably, in *Miner,* the Eighth Circuit held that "claims for defamation and slander are not cognizable under § 1983." *See Miner,*

719 F.2d at 955.  The Eighth Circuit went on to hold that "[t]he district court correctly stated that 'words and intents do not rise to the level of constitutional deprivations.'" *Id.*  In this case as noted above, Plaintiff complains solely of the words of the Defendant's employees in allegedly accusing her of passing a false money order.  Plaintiff does not allege she suffered any injury, except to her reputation.   Accordingly, because Plaintiff has no protected right in her reputation and this is the only protected right she alleges, she cannot state a claim under § 1983.

4.  **Conclusion**

Based upon the foregoing, because Plaintiff's case is not actionable under 42 U.S.C. § 1983, this Court recommends Defendant's Motion to Dismiss (ECF No. 7) be **GRANTED** and Plaintiff's case be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**IT IS SO ORDERED this 1st day of March, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE