IN THE UNITED STATES DISTRICT COURT
WESTSERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHIMEKA RANDLE                                        PLAINTIFF

VS.                     CASE NO.: 4:11-CV-04112

TEXARKANA, ARKANSAS
HOUSING AUTHORITY                                    DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed March 1, 2012 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 14). Judge Bryant has examined the Defendant's Motion to Dismiss (ECF No. 7), and the Plaintiff's Response (ECF No. 12). Judge Bryant recommends granting the Defendant's motion. The Plaintiff has filed an objection to Judge Bryant's report (ECF No. 15). After conducting a *de novo* review of the record, the Court adopts Judge Bryant's Report and Recommendation as its own.

The Plaintiff filed suit against the Texarkana, Arkansas Housing Authority under 42 U.S.C. § 1983 for violating her Fourteenth Amendment rights. The Plaintiff's underlying complaint is that she was humiliated and her reputation was damaged. Though reputation is an important and valuable thing, it is not a liberty or property interest protected by the Fourthteenth Amendment. *Paul v. Davis*, 424 U.S. 693, 710 (1976) (noting that simple defamation does not establish a § 1983 claim); *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) ("damage to reputation is not alone sufficient to invoke procedural due process"); *Kloch v. Kohl*, 545 F.3d

1

603, 609 (8th Cir. 2008) ("As a constitutional matter, however, [the plaintiff] is not entitled to due process protection for damage to his reputation alone….").

In her objection to Judge Bryant's recommendation, the Plaintiff argues that compensatory damages may be awarded in § 1983 cases for loss of reputation. That is true, but a compensable loss of reputation must come from a violation of § 1983 in some other way. The fact that loss of reputation is compensable *if* § 1983 is violated does not mean that loss of reputation alone is a violation of § 1983. Case law establishes that loss of reputation is not a stand-alone basis for a § 1983 due-process claim.

For the above reasons, the Court agrees with Judge Bryant that the Plaintiff has not made a claim for which relief can be granted. Therefore, the Court adopts Judge Bryant's Report and Recommendation (ECF No. 14) in its entirety. Accordingly, Defendant Texarkana, Arkansas Housing Authority's Motion to Dismiss (ECF No. 7) is hereby **GRANTED** and the Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED, this 26th day of March, 2012

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge

2